NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICKIE LEE FOWLER,<br><br>       Petitioner-Appellant,<br><br>v.<br><br>RONALD DAVIS, Warden,<br><br>       Respondent-Appellee. | No. 18-56647<br><br>D.C. No. 5:15-cv-02529-R<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted December 7, 2020[**]
Pasadena, California

Before: OWENS and LEE, Circuit Judges, and EZRA,[***] District Judge.

Rickie Lee Fowler appeals the district court's denial of his petition for a writ

of habeas corpus under 28 U.S.C. § 2254. The district court granted a certificate of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

appealability on three issues. As the parties are familiar with the facts, we do not recount them here, except as necessary to provide context for our ruling. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

To obtain habeas relief under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner must demonstrate that the state court's decision (1) was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). In other words, the state court's ruling must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

We review de novo the district court's denial of a habeas petition. *See Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014). To do so, we look to the "last reasoned [state court] decision that finally resolve[d] the claim at issue." *Amado v. Gonzalez*, 758 F.3d 1119, 1130 (9th Cir. 2014) (quoting *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991)) (internal quotation marks omitted). When a state court denies a petitioner's claim without comment, we "must determine what arguments or theories . . . could have supported the state court's rejection of the federal claim, and then give deference to those arguments or theories under AEDPA." *Id.* at 1131 (quoting *Harrington*, 562 U.S. at 102) (internal quotation marks omitted).

1. Fowler challenges the California Court of Appeal's decision denying his *Brady* claim regarding the undisclosed evidence of John Doe 2's mental incompetence. A *Brady* violation has three elements: (1) "[t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching," (2) "that evidence must have been suppressed by the State, either willfully or inadvertently," and (3) "prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999). To show prejudice, the suppressed evidence must be material — there must be a "reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985).

The state court identified the proper legal standard under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. As it correctly recognized, the undisclosed evidence of Doe 2's incompetence was favorable to Fowler, and the prosecution should have disclosed it. The sole issue is thus whether the state court reasonably determined that the nondisclosure did not prejudice Fowler's case. Fowler has not demonstrated that the state court acted unreasonably.

First, the state court reasonably concluded that Doe 2's incompetence was not material impeachment evidence, as the jury was already sufficiently aware of Doe 2's mental health issues. Impeachment evidence is not material when it fails to "provide the defense with a new and different ground of impeachment." *Barker v.*

3

*Fleming*, 423 F.3d 1085, 1097 (9th Cir. 2005) (internal quotation marks omitted); *see also United States v. Agurs*, 427 U.S. 97, 114 (1976) (holding that there is no *Brady* violation when nondisclosed evidence is "largely cumulative" of other evidence). At Fowler's trial, Doe 2 testified while wearing an "unbalanced lock down" jumpsuit, denoting mental health issues and possibly violent behavior. He repeatedly denied that Fowler had sodomized him, engaged in aggressive and erratic behavior, and admitted to attempting suicide on several occasions. The jury was thus on notice of Doe 2's questionable credibility, so the state court was reasonable in holding that further mental health evidence would not have affected the jury's decision.

Second, the state court's materiality analysis was reasonable because Doe 2's testimony was not critical to the outcome. *See, e.g.*, *Strickler*, 527 U.S. at 294 (holding that impeachment evidence was not material when the record supported conviction even if the witness had been impeached). There was sufficient evidence to convict Fowler even in the absence of Doe 2's testimony. John Doe 1's testimony gave a detailed account of the assaults, the physical evidence was consistent with "blunt force penetration trauma," and Fowler demonstrated consciousness of guilt by offering shifting stories when faced with allegations of sodomy. Given this evidence, the state court reasonably concluded that impeachment or even omission of Doe 2's testimony would not have "undermine[d] confidence in the outcome."

4

*Kyles v. Whitley*, 514 U.S. 419, 434 (1995).

2. Fowler also challenges the California Court of Appeal's decision denying him an evidentiary hearing on the issue of Doe 2's incompetence. A state court need not hold an evidentiary hearing for every factual dispute. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). And under AEDPA, we review a state court's factfinding process for unreasonableness. *See Hibbler v. Benedetti*, 693 F.3d 1140, 1146–47 (9th Cir. 2012). Failure to hold an evidentiary hearing is not unreasonable if the "state court could have reasonably concluded that the evidence already adduced was sufficient to resolve the factual question." *Id.* at 1147.

Here, the state court did not act unreasonably in denying Fowler an evidentiary hearing. Both the trial court and the Court of Appeal accepted as true Doe 2's incompetence before conducting the *Brady* analysis. Fowler has not pointed to any additional facts that would have affected the *Brady* analysis, nor is there any factual issue requiring further record development. Furthermore, the trial court's ability to assess firsthand the credibility of the witnesses supports our conclusion that the state factfinding process was not deficient. *See Williams v. Ryan*, 623 F.3d 1258, 1266 (9th Cir. 2010) (emphasizing that credibility issues should be determined by an in-court hearing rather than written declarations). There is nothing to indicate that "an evidentiary hearing would have affected the determination of the state court." *Perez v. Rosario*, 459 F.3d 943, 951 (9th Cir. 2006).

5

3. The California Supreme Court reasonably applied clearly established federal law in denying Fowler's ineffective assistance of counsel claim. Since the state court denied the claim without comment, we presume that it adjudicated the claim on the merits. *See Harrington*, 562 U.S. at 99. An ineffective assistance claim requires proving that (1) counsel's representation "fell below an objective standard of reasonableness," and (2) there is a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "The standards created by *Strickland* and [AEDPA] are both highly deferential, and when the two apply in tandem, review is doubly so." *Harrington*, 562 U.S. at 105 (cleaned up).

Fowler asserts that trial counsel provided ineffective assistance by failing to declare a doubt as to his competence to stand trial. The focus of a competency inquiry is "a defendant's present ability to consult with his lawyer with a reasonable degree of rational understanding and a factual understanding of the proceedings against him." *Maxwell v. Roe*, 606 F.3d 561, 568–69 (9th Cir. 2010) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)) (internal quotation marks omitted). Here, the only evidence Fowler offers to support his claim of incompetence is his "chronic mental illness." But even considering Fowler's mental health issues, he has not demonstrated that those issues affected his ability to understand or participate in his trial. *See United States v. Neal*, 776 F.3d 645, 656 (9th Cir. 2015) (explaining

6

that a defendant's receipt of psychiatric help alone "cannot be said to create a bona fide doubt of [his] capacity to participate intelligently in the proceedings facing him").

Additionally, nothing in the record indicates that trial counsel was aware of any issue regarding Fowler's competency to stand trial. Counsel is in the best position to judge his client's ability to understand the proceedings and participate in his defense. *See Medina v. California*, 505 U.S. 437, 450 (1992). And without any evidence to the contrary, the state court could have reasonably concluded that counsel adequately assessed Fowler's competence.[1]

4. We decline to expand the certificate of appealability to include either of Fowler's uncertified claims, as he has not made a "substantial showing of the denial of a constitutional right." *Dixon v. Ryan*, 932 F.3d 789, 808 (9th Cir. 2019) (quoting 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000)).

First, the district court did not abuse its discretion in denying leave to amend based on futility. Fowler's proposed amendments either rest on the same grounds as his certified claims or are purely speculative. Second, Fowler has not shown that his constitutional rights under *Strickland* were violated by trial counsel's failure to

---

[1] Though Fowler's 18-month old competency determination cannot prove his competence at trial, *see Maxwell*, 606 F.3d at 575, it remains relevant here. Trial counsel participated in the earlier competency proceedings and was thus in the best position to assess whether Fowler's competency had since declined.

7

investigate Doe 2's incompetency. Because "*Brady* materiality and *Strickland* prejudice are the same," *Gentry v. Sinclair*, 705 F.3d 884, 906 (9th Cir. 2013), Fowler's claim here fails on the same grounds as his *Brady* claim.

**AFFIRMED.**